IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ST. GERMAIN PLACE OWNERS ASSOCIATION, INC. | § § § | |
| V. | § § | CIVIL ACTION NO. G-11-071 |
| TEXAS FARMERS INSURANCE COMPANY | § § § | |

### OPINION AND ORDER

Before the Court with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Texas Farmers Insurance Company (Farmers); the Motion seeks the dismissal of all remaining claims asserted against Farmers by Plaintiff, St. Germain Place Owners Association, Inc. Having considered the Parties submissions, the summary judgment evidence and the applicable law, the Court now issues this Opinion and Order.

The facts relevant and material to the disposition of Farmer's Motion can be briefly summarized. The Plaintiff's condominium building was insured by Farmers, a Write-Your-Own (WYO) carrier, under the National Flood Insurance Program when, on September 13, 2008, it was damaged by flooding caused by Hurricane Ike. On December 5, 2008, Farmers paid Plaintiff a $25,000.00 advance on its potential claim. On December 9, 2008, Plaintiff submitted a Proof of Loss to Farmers claiming flood damage in the amount of $352,885.21. On January 12, 2009, Farmers sent a letter to Billy Verkin, President of the Association, informing Plaintiff that its claim was being allowed only in the amount of $93,475.22 and that the remainder of the claim, $259,409.99, was being rejected; a check in the amount of

$68,475.22, the balance determined by Farmers to be due to Plaintiff, accompanied the letter. Dissatisfied with Farmer's decision, Plaintiff first sought reconsideration of the claim. On April 10, 2009, following a re-examination of the claim, Farmers paid Plaintiff an additional $101,609.46. At no time, however, did FEMA's Administrator formally rescind the January 12, 2009 partial rejection of Plaintiff's claim. Then, on January 6, 2011, Plaintiff filed suit against Farmers in state court for breach of contract and related torts. Farmers removed the case to this Court on February 8, 2011, and now seeks summary judgment.

### PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS

Although this Court was of the opinion that, following a telephone conference with counsel of record on April 17, 2012, it had dismissed, as preempted by federal law, all of Plaintiff's extra-contractual claims, Plaintiff now argues that its fraud and misrepresentation claims are still pending and are not preempted. This Court respectfully disagrees. In Wright v. Allstate Insurance Company, 415, 384 (5th Cir. 2005), the Fifth Circuit distinguished the Spence[1] case, relied upon by Plaintiff, and made it clear that all state law tort actions based on a WYO carrier's handling of claims are preempted.

It is, therefore, **ORDERED** that insofar as Plaintiff's fraud and misrepresentation claims may still be pending, they are **DISMISSED with prejudice**.

---

[1] Spence v. Omaha Indemnity Ins. Co., 996 F.2d 793 (5th Cir. 1993)

PLAINTIFF'S BREACH OF CONTRACT CLAIM

In its Motion, Farmers argues that Plaintiff's breach of contract claim is subject to dismissal as time-barred under the one-year limitations period established by statute, 42 U.S.C. § 4072, and contained in the Standard Flood Insurance Policy pursuant to FEMA regulation.  This Court agrees.

The one-year limitations period is triggered by a WYO carrier's issuance of a "written denial of all or part of the claim."  Despite the Plaintiff's protestations of a lack of clarity, this Court finds that the letter issued by Farmers on January 12, 2009, "rejecting the difference of $259,409.99 from the signed Proof-of-Loss in the amount of $352,885.21 and the claim payment of $93,475.22" is unambiguously clear and certainly sufficient to put Plaintiff on notice that "part of the claim" was denied.[2]  While the Court concedes that Farmers' subsequent payment of the additional sum of $101,609.46 could have led Plaintiff to believe the denial had been rescinded, in the WYO arena this Court is powerless to grant relief.  Once a WYO carrier triggers the statute of limitations by denying a claim, in whole or in part, the limitations period cannot be reinstated unless the "Federal Insurance Administrator expressly and in writing sets aside the… disallowance of a Plaintiff's claim."  Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 521 (9th Cir. 1988)  Reconsideration of the denial or responding to further inquiries about the claim "has no effect on the running of the limitations period." Id.   Apparently, this is true even if the carrier, upon

---

[2] At his deposition Verkin testified that he understood the January 12, 2009 letter to be "saying you're SOL" on the remainder of the claim, "that's what it meant."

reconsideration, tenders additional, but not full payment of the claim.  See Nabhan v. National Con-Serv Inc., 1 F.Supp. 2d 91, 96 (D. Mass. 1988) (FEMA's post-denial reconsideration of Plaintiff's claim and tender of additional $7,617.24, which was rejected by Plaintiff, held not to restart the limitations clock absent an express, written waiver by the Administrator.) Admittedly, this result appears harsh, but the Court must observe the conditions defined by Congress for charging the federal treasury.  Gowland v. Aetna Casualty & Surety Co., Inc., 143 F.3d 951, 955 (5th Cir. 1998)

It is, therefore, **ORDERED** that Farmers' Motion for Summary Judgment (Instrument no. 23) is **GRANTED** and the breach of contract claim of Plaintiff, St. Germain Place Owners Association, Inc., is **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this      29th      day of June, 2012.

John R. Froeschner
United States Magistrate Judge